IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Plaintiff,

      v.

SARA JO LAWRENCE,

    Defendant.

CIVIL ACTION NO.
1:25-cv-03125-TRJ

## ORDER

On July 28, 2025, Plaintiff Federal National Mortgage Association ("Fannie Mae") filed a motion for judgment on the pleadings asking the Court to enter judgment in its favor and against Defendant Sara Jo Lawrence. (Doc. 11). Upon review and consideration, Fannie Mae's motion is **DENIED**.

## BACKGROUND

On November 10, 2020, Greystone Servicing Company LLC ("Greystone") made a loan to 1291 Britain Dr PCPRE, LLC (the "Borrower") in the amount of $6,160,000.00, which Greystone assigned to Fannie Mae. (Doc. 1 at ¶¶ 1, 14, 16; Doc. 1-7). On the same day, Lawrence signed a Guaranty of Non-Recourse Obligations (the "Guaranty") for the Borrower's debt. (*Id.* at ¶¶ 2, 19; Doc. 1-1 at 12). By executing the Guaranty, Fannie Mae alleges that Lawrence "absolutely, unconditionally, and irrevocably guarantee[d] . . . the full and prompt payment and performance of" the Borrower's debt. (Doc. 1 at ¶ 19; Doc. 1-1 at 3).

On March 7, 2025, Fannie Mae informed Lawrence that the Borrower was in

default and accelerated the loan. (Doc. 1 at ¶ 23; Doc. 1-8). On March 18, 2025, the Borrower, Lawrence, and Fannie Mae executed a Pre-Negotiation Letter. (Doc. 1 at ¶ 25; Doc. 1-9). On May 5, 2025, the Borrower filed for bankruptcy which, according to Fannie Mae, constituted default. (Doc. 1 at ¶ 28). Due to the Borrower's purported default, Fannie Mae alleges that Lawrence is liable for the amount due under the loan. (*Id.* at ¶¶ 29–38).

On June 4, 2025, Fannie Mae filed this lawsuit to hold Lawrence personally liable under the Guaranty for the Borrower's outstanding debt. On July 7, 2025, Lawrence filed her answer and counterclaims against Fannie Mae. (Doc. 5). On July 28, 2025, Fannie Mae filed its motion for judgment on the pleadings seeking judgment in its favor and against Lawrence. (Doc. 11). On the same day, Fannie Mae moved to dismiss Lawrence's counterclaims. (Doc. 10). On August 18, 2025, Lawrence filed an amended answer and counterclaims (Doc. 17), and on September 2, 2025, Fannie Mae again moved to dismiss Lawrence's amended counterclaims (Doc. 20).

## DISCUSSION

Presently before the Court is Fannie Mae's motion for judgment on the pleadings.[1] (Doc. 11). As an initial matter, because Lawrence subsequently amended her answer and counterclaims after Fannie Mae filed its motion for judgment on the pleadings, Fannie Mae's Rule 12(c) motion based on pleadings that are no longer operative is moot. And the filing of any motion for judgment on the pleadings is

---

[1] The Court will not address Fannie Mae's pending motion to dismiss Lawrence's amended counterclaims (Doc. 20) in this Order.

procedurally improper at this time.

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed." The pleadings are closed for purposes of Rule 12(c) "when a complaint and answer have been filed." *Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015). But where, as here, the defendant asserts a counterclaim, the pleadings are not closed for purposes of Rule 12(c) until the plaintiff files a responsive pleading to those counterclaims. *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1339 n.10 (11th Cir. 2014) ("Where a counterclaim is filed, the pleadings are not closed until a response to the counterclaim is filed.").

Here, Fannie Mae moved for judgment on the pleadings before answering Lawrence's counterclaims against it. Thus, when Fannie Mae filed its Rule 12(c) motion, the pleadings were not closed as to Fannie Mae's complaint. *Perez*, 774 F.3d at 1339 n.10 ("Nor were the pleadings closed with respect to [the plaintiff's] complaint, since [the defendant] had filed a counterclaim and [the plaintiff] had not filed an answer to the counterclaim."). And although Fannie Mae also filed a motion to dismiss Lawrence's counterclaims, a motion to dismiss is not a permissible pleading under Rule 7. *See* FED. R. CIV. P. 7(a) (defining "pleadings" as, for example, a complaint, an answer, or an answer to a counterclaim). Because the pleadings are not closed, Fannie Mae's motion for judgment on the pleadings is also premature. *Perez*, 774 F.3d at 1339 n.10 (finding the plaintiff's Rule 12(c) motion to be procedurally premature where the plaintiff had not yet filed a response to the

defendant's counterclaims).

## CONCLUSION

For these reasons, Fannie Mae's Motion for Judgment on the Pleadings (Doc. 11) is **DENIED**.

SO ORDERED, this 27th day of March, 2026.

_____

TIFFANY R. JOHNSON
United States District Judge